UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SEMINARS, INC. and<br>DR. JOHN CHAO,<br><br>              Plaintiffs,<br><br>     v.<br><br>DOWNTOWN DENTAL ARTS OF MONTCLAIR,<br>KONSTANTINOS TRICHAS, and<br>IVAN GEORGIEV,<br><br>            Defendants. | Docket No.:   2:20-cv-02567<br><br>JURY TRIAL   DEMANDED |

Plaintiffs Chao Seminars, Inc. and Dr. John Chao (collectively, "Chao")

by its undersigned counsel, as and for a Complaint against Downtown Dental Arts of

Montclair, Konstantinos Trichas, and Ivan Georgiev (collectively, the "DDA Defendants")

hereby alleges as follows:

<u>**PARTIES**</u>

1.     Plaintiff Dr. John Chao is a natural, living person residing in San Gabriel,

California.  Dr. Chao is a Research Associate Professor in the Post Graduate Program in

Periodontics at SUNY Buffalo, and an Adjunct Assistant Professor at the University of

Southern California School of Dentistry.

2.     Plaintiff Chao Seminars, Inc. is a corporation organized under the laws of the

state of California, with a principal office at 100 South First Street in Alhambra, California.

3.     Defendant Konstantinos Trichas ("Trichas") is a natural person residing in the vicinity of Montclair, New Jersey.   Trichas is a dentist registered with the NJ Office of Consumer Affairs, licensed to practice in New Jersey under License No. 22DI01960400.

4.     Defendant Ivan Georgiev ("Georgiev") is a natural person residing in the vicinity of Montclair, New Jersey.  Georgiev is a dentist registered with the NJ Office of Consumer Affairs, licensed to practice in New Jersey under License No. 22DI02564505.

5.     On information and belief, Defendant Downtown Dental Arts of Montclair ("Downtown Dental") is a simple d/b/a, simple proprietorship, or other pass-through entity without any formal corporate status.

6.     On information and belief, Downtown Dental is owned and controlled by Trichas and Georgiev.

7.     Downtown Dental has its principal place of business at 31 South Fullerton Avenue in Montclair, New Jersey.  Various dental services are provided there in-person.

8.     The DDA Defendants own and operate the website for Downtown Dental, at the URL [www.ddaofmontclair.com] (the "DDA Website.")  Various dental services are advertised at that website.

**NATURE OF THE ACTION**

9.     This is an action by Plaintiffs for trademark infringement, unfair competition, tortious interference, and misappropriation.

10.    The DDA Defendants have intentionally and willfully traded on the goodwill of Chao intellectual property, improperly and illegally using the registered trademark belonging

to Chao Seminars, Inc., and improperly and illegally using Dr. Chao's name for commercial advantage.

11.    The DDA Defendants were well-aware of Chao's intellectual property rights when their misappropriation began, and moreover were informed of those rights and the illegality of their actions a number of times, but nonetheless continued in their illegal and tortious behavior.

J<small>URISDICTION AND</small> V<small>ENUE</small>

12.    This action includes, *inter alia,* claims arising under the provisions of the Lanham Act, 15 U.S.C. §1051 et seq.  This Court has jurisdiction in this matter pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §1331, as well as supplemental jurisdiction over the state and common-law claims pursuant to 28 U.S.C. §1367.

13.    This action is also a between citizens of different states and the matter in controversy exceeds $75,000, such that this Court also has (somewhat redundant) jurisdiction pursuant to 28 U.S.C. § 1367.

14.    Venue is properly laid in this Court under 28 U.S.C. §§ 1391(b)(2), (c)(1), and (c)(2).

G<small>ENERAL</small> A<small>LLEGATIONS</small>

**Plaintiff's Novel Technique, Trademark, and Personal Renown:**

15.    To say that Dr. Chao pioneered a certain technique for periodontal surgery is an understatement; Dr. Chao <u>invented</u> the "methods and instruments" for a type of periodontal surgery, for which he was granted U.S. Patent No. 8,202,092 (the "'092 Patent").

16.    The technique of the '092 Patent is identified by the term, "Pinhole."

17.    Chao is the owner of federal trademark registration 3,807,882 for the term PINHOLE as used for "Dental surgery services featuring gum reconstruction surgical technique." (the "Pinhole Mark"), registered in 2010.  A true and correct copy of the trademark registration certificate is attached hereto as Exhibit A.

18.    The Pinhole Mark registration is valid and subsisting.

19.    Chao provides the Pinhole® services to patients using the Pinhole Mark.  Chao has been providing those services to patients using that mark since at least 2010.

20.    In addition, Chao provides instructional seminars to other practitioners, demonstrating and educating them as to the proper execution of the Pinhole® Surgical Technique.

21.    Dr. Chao and Chao Seminars, Inc., are the <u>only</u> entities in the world with the authority to teach the Pinhole® Surgical Technique.

22.    No entity can claim be using the Pinhole® Surgical Technique unless they have been taught to do so by Chao.

23.    Only Chao can authorize any other entity to use the Pinhole Mark in connection with the offer of dental services.

24.    Dr. Chao himself is an accomplished and well-known general dentist.

25.    Dr. Chao is and has been a member of a number of different university faculties in varying capacities.  For instance, Dr. Chao is a Research Associate Professor in the Post Graduate Program in Periodontics at SUNY Buffalo, and an Adjunct Assistant Professor at the University of Southern California School of Dentistry.

26.   Dr. Chao is (*inter alia*) a Master of the Academy of General Dentistry, a Fellow at the International College of Cranio-Mandibular Orthopaedics, and a Fellow at the International Congress of Oral Implantologists.

27.   Dr. Chao has lectured or given presentations at the North American Society of Periodontics, the University of Texas Department of Periodontics, the North American Society of Periodontics, and the 11th International Symposium on Periodontics and Restorative Dentistry.

28.   The noted accolades and honors, among others, make Dr. Chao something of a celebrity in his field, and also lend him notoriety as a practitioner.

**Misappropriation and Infringement by Trichas, Georgiev, and Downtown Dental:**

29.   Neither Trichas nor Georgiev have ever received training from Chao in the Pinhole® Surgical Technique.

30.   On information and belief, no one associated with Downtown Dental has ever been trained by Chao in any manner, and certainly not the Pinhole® Surgical Technique.

31.   Nonetheless, at least as early as mid-2019, the DDA Defendants began to claim to offer the Pinhole® Surgical Technique to the public.

32.   The DDA Website makes multiple uses of the Pinhole Mark, claiming to offer the Pinhole® Surgical Technique to clients.  A true and correct copy of excerpted screen captures from the DDA Website is attached hereto as Exhibit B.

33.   The DDA Website has an entire section dedicated to the advertisement of the Pinhole® Surgical Technique.

34.   Ironically, when improperly using the Pinhole Mark, the DDA Website sometimes even includes the symbol indicating that the Pinhole Mark is a federally registered trademark.

35.   The DDA Website is available to and directed to the residents or citizens of multiple states.

36.   On information and belief, the DDA Defendants make similar offers using the Pinhole Mark at the offices of Downtown Dental.

37.   The DDA Website and other marketing or advertising material of the DDA Defendants exerts a substantial economic effect on interstate commerce.

38.   At no time did any of the DDA Defendants seek or receive permission or authorization to use the Pinhole Mark.

39.   Further, the DDA Website makes use of Dr. Chao's name in advertising and marketing the unauthorized services.

40.   At no time did any of the DDA Defendants seek or receive permission or authorization to use Dr. Chao's name.

**Defendant's Misappropriation is Knowing and Intentional:**

41.   The federal registration of the Pinhole Mark alone is presumptive notice of Chao's ownership of the mark.

42.   The DDA Defendants, in fact, include the "registered trademark" symbol in some of their illegal and unauthorized uses of the Pinhole Mark.

43.   In fact, <u>any</u> knowledge of the Pinhole® Surgical Technique or the Pinhole Mark by the DDA Defendants is necessarily concomitant to (a) knowledge of Chao's ownership and

control of the Pinhole Mark, (b) knowledge of the proprietary nature of the Pinhole® Surgical

Technique, and (c) knowledge that any use by the DDA Defendants of the Pinhole Mark

without authorization would have to be illegal and infringing.

44.    Similarly, the DDA Defendants are and have been aware that none of them are or

have any connection to Dr. Chao personally, and thus they are and have been aware that any

use by the DDA Defendants of Dr. Chao's name or personality in connection to the marketing

or advertisement of orthodontistry services generally (and the Pinhole® Surgical Technique

in particular) is unauthorized and illegal.

45.    Moreover, on or about January 7, 2020, Chao sent to the DDA Defendants a

cease-and-desist letter spelling out the various infringements and misappropriations

inherent in the DDA Defendants' behavior.

46.    That letter explicitly identified the '092 Patent and the Pinhole Mark registration

and provided the DDA Defendants with copies thereof.

47.    That letter further informed the DDA Defendants that the use of Dr. Chao's name

was unauthorized and inappropriate.

48.    On or about February 4, 2020, the DDA Defendants were sent (and provably

received) yet another cease-and-desist letter from Chao, again describing the illegal

misappropriation by the DDA Defendants and providing documentary copies of the '092

Patent and the Pinhole Mark registration.

49.    In addition, Chao made multiple phone calls to the DDA Defendants in an effort

to resolve the misappropriations and infringements without the need for the instant action.

50.    Nonetheless, the DDA Defendants have made it clear that they intend to continue using the Pinhole Mark and Dr. Chao's name in flagrant and willful violation of the law.

51.    As of the date of this Complaint, the DDA Defendants persist in their infringement and illegal misappropriation.

## FIRST CLAIM
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(A)

52.    Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

53.    Chao owns the Pinhole Mark.

54.    The DDA Defendants are making unauthorized use of the Pinhole Mark in interstate commerce.

55.    The use of the Pinhole Mark by the DDA Defendants is <u>identical</u> to the Pinhole Mark as registered.

56.    The DDA Defendants are using the Pinhole Mark in connection with exactly the same services as those covered by the registration.

57.    The use of the Pinhole Mark by the DDA Defendants is made in a manner likely to cause confusion or mistake or to deceive the consuming public as to the source or sponsorship of the services provided by the DDA Defendants.

58.    The activities and conduct of the DDA Defendants alleged herein have caused compensable damage to the Plaintiffs.

59.    The activities and conduct of the DDA Defendants alleged herein will, unless restrained, further impair the value of the Pinhole Mark and the valuable goodwill which has been built up therein as to which Plaintiffs have no adequate remedy at law.

60.   The activities and conduct of the DDA Defendants are willful and intentional.

61.   The actions of the DDA Defendants demonstrate a willful intent to trade on the goodwill associated with the Pinhole Mark.

## SECOND CLAIM
### FEDERAL FALSE ADVERTISING UNDER 15 U.S.C. § 1114(1)(B)

62.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

63.   The DDA Website and other Downtown Dental marketing and advertising material are commercial advertisements or promotions.

64.   The use of Dr. Chao's name and the use of the Pinhole Mark on the DDA Website and in other Downtown Dental marketing and advertising material were all false or misleading statements of (claimed) fact.

65.   The claims (a) that the service provided by the DDA Defendants is the Pinhole® technique, (b) that the service provided is somehow endorsed or sponsored by Dr. Chao or Chao Seminars, Inc., and (c) that any or the DDA Defendants have been trained or authorized by Chao to perform the procedure are all material to the decision of potential consumers and are likely to deceive such consumers with regard to a material fact or circumstance.

66.   The DDA Website and other Downtown Dental marketing and advertising material exist in interstate commerce.

67.   The false and misleading statements made by the DDA Defendants have caused and continue to cause competitive or commercial injury to Chao.

## THIRD CLAIM
### NJ COMMON LAW UNFAIR COMPETITION

68.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

69.    The aforementioned acts of the DDA Defendants constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

70.    The acts described are intentional business acts or practices of the DDA Defendants which acts are unlawful and unfair.

71.    The conduct of the DDA Defendants has led and will lead to a material diminution in the value of Chao's intellectual property and is an infringement of Chao's federal and common law trademark rights.

72.    The conduct of the DDA Defendants is likely to cause confusion, mistake, or deception as to the source or origin of the services provided by the DDA Defendants, or the affiliation, sponsorship, or other relationship between the parties.

73.    The conduct of the DDA Defendants has caused Chao irreparable harm, damage, and injure to the value and goodwill that Chao has built in the Pinhole Mark, as well as to Chao's business, goodwill, and reputation.

74.    The DDA Defendants have made it clear by their behavior that unless enjoined by this Court, the DDA Defendants will continue the unlawful use of the Pinhole Mark, which use will continue to cause immediate and irreparable harm to Chao for which Chao may have no adequate remedy at law.

**FOURTH CLAIM**
**NEW JERSEY UNFAIR COMPETITION UNDER N.J.S.A. §§ 56:4-1 AND 4-2**

75.    Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

76.   The Pinhole Mark constitutes and represents, among others, the trademark, reputation, and goodwill enjoyed by Chao in connection with its orthodontistry and gum-reconstruction surgery services.

77.   The use by the DDA Defendants of the Pinhole Mark is likely to deceive and confuse the public as to the source or sponsorship of the services provided by the DDA Defendants.

78.   The DDA Defendants are making use of the Pinhole Mark in connection with the offer of orthodontistry and gum-reconstruction surgery services.

79.   The DDA Defendants have misappropriated for their own benefit the Pinhole Mark.

80.   Chao has been harmed thereby.

## FIFTH CLAIM
### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE OR CONTRACT

81.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

82.   By using the Pinhole Mark and Dr. Chao's name, the DDA Defendants are clearly targeting consumers who are otherwise interested in the specific services lawfully provided by Chao or those authorized by Chao.

83.   Those consumers might otherwise enter into business contract or relationship with Chao or those authorized by Chao for the performance of those services.

84.   The DDA Defendants have thus unfairly and illegally interfered with Plaintiffs' ability to further business relationships with prospective customers.

85.   In addition, by using the Pinhole Mark and Dr. Chao's name to indicate an affiliation or authorization from Chao, the DDA Defendants have dissuaded any third parties who might otherwise have sought training and authorization from Chao to use the Pinhole Mark and to provide the Pinhole® services.

86.   The DDA Defendants have thus unfairly and illegally interfered with Plaintiffs' ability to further business relationships with prospective customers in that category as well.

87.   Plaintiffs have been harmed thereby.

88.   The conduct of the DDA Defendants will continue to damage Plaintiffs unless enjoined by this Court.

### SIXTH CLAIM
### INVASION OF DR. CHAO'S RIGHT OF PUBLICITY UNDER NJ COMMON LAW

89.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

90.   Dr. Chao's name is an indicium of his identity or persona.

91.   The DDA Defendants have, by the acts described herein, appropriated Dr. Chao's name for the commercial benefit of the DDA Defendants.

92.   Dr. Chao has been harmed thereby.

### SEVENTH CLAIM
### INDIVIDUAL LIABILITY OF KONSTANTINOS TRICHAS

93.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

94.   Defendant Trichas knowingly and significantly organized, directed, or otherwise participated in the unlawful, infringing, and tortious conduct alleged herein, including the deliberate and fraudulent promotion, advertising, distribution, selling, and/or offering for sale of the Pinhole® services, the use of the Pinhole Mark, and the use of Dr. Chao's name.

95.   Although it is alleged that Downtown Dental does not exist as an independent corporate entity, even if Downtown Dental does exist in some capacity, Trichas is independently and personally liable because his individual actions were done knowingly and intentionally, and he authorized, directed, or approved the unlawful acts and the misconduct alleged herein. thereby.

### EIGHTH CLAIM
#### INDIVIDUAL LIABILITY OF IVAN GEORGIEV

96.   Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 – 51 above.

97.   Defendant Georgiev knowingly and significantly organized, directed, or otherwise participated in the unlawful, infringing, and tortious conduct alleged herein, including the deliberate and fraudulent promotion, advertising, distribution, selling, and/or offering for sale of the Pinhole® services, the use of the Pinhole Mark, and the use of Dr. Chao's name.

98.   Although it is alleged that Downtown Dental does not exist as an independent corporate entity, even if Downtown Dental does exist in some capacity, Georgiev is independently and personally liable because his individual actions were done knowingly and intentionally, and he authorized, directed, or approved the unlawful acts and the misconduct alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment as follows:

(a)   Finding Defendants liable on all the counts set forth above, including federal trademark infringement of the Pinhole Mark and false advertising relating

thereto, NJ common law and statutory unfair competition, tortious interference with prospective economic interest, and misappropriation of Dr. Chao's name;

(b)   Awarding Plaintiffs monetary damages in an amount to be determined at trial, but not less than $150,000, except that the amount may be fixed by the Court in its discretion, including but not limited to all of Defendants' profits or gains of any kind resulting from the unlawful or willful acts of Defendants, and any damages suffered by Chao as a result thereof, said damages to be trebled as allowed under applicable law;

(c)   Awarding Plaintiffs their costs and reasonable attorneys' fees in view of the intentional and willful nature of the acts complained of, and the continued illegal acts of Defendants even when explicitly informed of the impropriety of such acts;

(d)   Permanently enjoining and restraining all Defendants and any persons acting by, through, or in concert with them, from directly or indirectly using the Pinhole Mark or Dr. Chao's name or any other mark, word, or name that might indicate an affiliation or sponsorship with Chao or which might would otherwise be likely to cause confusion, mistake, or deception;

(e)   Ordering that any product, label, marketing material, advertisement, or promotional material containing the Pinhole Mark or any colorable imitation thereof which is in possession of any Defendant or related party be delivered to Plaintiffs or be destroyed, as the Court shall direct;

(f)   Ordering Defendants to promulgate corrective advertising sufficient to inform the consuming public that there is no association, affiliation, or other connection between Chao and Defendants;

(g)   Awarding Plaintiffs pre- and post-judgment interest on any monetary award made against Defendants; and

(h)   For such other relief as this Court may deem just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiffs hereby demand a trial by jury on all claims and issues so triable pursuant to the Federal Rules of Civil Procedure.

| Dated: | ____March 9, 2020____ | Respectfully Submitted, | |
|---|---|---|---|
| | | | |
| | | /s/ /Michael Feigin/ | |
| | | Michael J Feigin<br>Feigin & Fridman LLC<br>1037 Rte 46E, Suite 107<br>Clifton, NJ  07013<br>tel. 212-316-0381<br>fax. 973-767-1292 | |
| Of Counsel | Ben D. Manevitz<br>Manevitz Law Firm LLC<br>25 Main Street, Suite 104<br>Hackensack, NJ 07601<br>tel. 973-594-6529<br>fax. 973-689-9529 | | |

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies that with respect to the matter in controversy herein, neither Plaintiffs nor Plantiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

| Dated: | March 9, 2020 | /s/Ben D Manevitz/ |
| --- | --- | --- |
|  |  | Ben D. Manevitz |
|  |  | Manevitz Law Firm LLC |